UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
UNITED STATES OF AMERICA        )
                                )
                                )
        v.                      )    CRIMINAL ACTION
                                )    NO. 03-1773-CBS
JASON W. POWERS,                )
        Defendant,              )
                                )
_____)
```

**MEMORANDUM AND ORDER**
**ON THE GOVERNMENT'S REQUEST FOR REVOCATION OF**
**RELEASE OF JASON W. POWERS**
February 9, 2004

SWARTWOOD, M.J.

I. Nature of the Proceeding

The Government has requested that Jason W. Powers' ("Mr. Powers") release be revoked for alleged violations of his conditions of release.

II. Background

On December 2, 2003, a Criminal Complaint was returned, charging Mr. Powers with aiding and abetting a robbery of a federally insured bank, in violation of 18 U.S.C. §§ 2113(a) and (2).

On December 3, 2003, Mr. Powers was released in connection with this Criminal Complaint on, among other conditions, that he

shall:

>   (1) . . . not commit any offense in violation of federal, state or local law while on release in this case.
>
>   . . . .
>
>   ### Additional Conditions of Release
>
>   . . . .
>
>   (q)  refrain from use or unlawful possession of a narcotic drug or other controlled substances
>
>   . . . .
>
>   (s)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the Pretrial Services Officer. . .

The Government has requested that Mr. Powers' release be revoked on the grounds that he was referred to an outpatient substance abuse program and left that program prior to completing substance abuse treatment. Additionally, Mr. Powers is alleged to have violated the law by using illegal drugs (oxycodone) while on release.

A hearing on the Government's request for revocation of Mr. Powers' release was held on February 6, 2004 and at that hearing, Judith Oxford, a Drug and Treatment Specialist from the Pretrial Services Office, testified on behalf of the Government and was cross-examined by Mr. Powers' counsel.

### III.  Facts

1. On December 3, 2003, Mr. Powers was released on

conditions which included that he report to the Pretrial Services Office in Boston for a drug test.

2. On December 4, 2003, Mr. Powers reported to Boston as directed and tested positive for oxycodone and marijuana. Mr. Powers admitted using oxycodone and/or marijuana just prior to his arrest.

3. On December 8, 2003, Mr. Powers was admitted to a hospital emergency room because of an accident. Later that same day, Mr. Powers tested positive for the use of oxycodone. Mr. Powers explained that his testing positive for the use of oxycodone was as a result of the emergency room physician prescribing a drug that contained an opiate.

4. On December 10, 2003, as a result of conversations with Mr. Powers, Pretrial Services Officer Judith Oxford made a referral for Mr. Powers to participate in an out-patient drug treatment program. Mr. Powers never showed up for that program and admitted to continued use of oxycodone.

5. On January 5, 2004, Ms. Oxford made arrangements for Mr. Powers to be admitted to Spectrum House, in Westborough, Massachusetts, for in-patient drug treatment.

6. On January 6, 2004, Mr. Powers was admitted to Spectrum House for a ninety day period of in-patient drug treatment.

7. On January 14, 2004, Mr. Powers left Spectrum House without permission of Pretrial Services.

IV. <u>Discussion</u>

Section 3148(b) provides that the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

(1) finds that there is –

    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that

    (A) based on the factors set forth in section 3142(g) of . . . title [18], there is no condition of combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, a person committed a federal, state, or local crime, a rebutable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

In this case, the Government asserts that Mr. Powers' conditions of release should be revoked on the grounds that there is probable cause to believe that he has committed an offense while on release, <u>i.e.</u>, use of illegal drugs. The Government further

4

contends that there is clear and convincing evidence that Mr. Powers breached another condition of his release, i.e., refusing to participate in a program of in-patient substance abuse therapy and counseling deemed advisable by the Pretrial Services Officer.

A. <u>Whether Mr. Powers Committed a Crime While on Release</u>

Mr. Powers has admitted using oxycodone while on release and has tested positive for the use of that drug while on release. Use of oxycodone is a criminal offense. Therefore, I find that there exists probable cause to believe that Mr. Powers committed a crime while on release.

B. <u>Whether Mr. Powers Has Violated Another Condition Of Release</u>

On January 6, 2004, Mr. Powers was admitted to Spectrum House, in Westborough, Massachusetts, to participate in an in-patient substance abuse therapy and counseling program deemed advisable by his Pretrial Services Officer. On January 14, 2004, Mr. Powers left that program without permission of his Pretrial Services Officer and without finishing the program. Therefore, I find by clear and convincing evidence that Mr. Powers has violated another condition of his release.

C. <u>Whether Detention Is Warranted</u>

The question presented is whether or not Mr. Powers will abide by any condition or combination of conditions if he were released from this Court. Since I find that probable cause exists that Mr. Powers has committed a criminal offense (use of illegal drugs)

5

while on release, there is a rebutable presumption that no condition or combination of conditions will protect the safety of the community if he is released. Mr. Powers has failed to offer any credible evidence to rebut this presumption except to state that he is now willing to participate in an in-patient substance abuse program. Mr. Powers was previously given that opportunity, but he choose to disregard it by suddenly leaving an in-patient drug program without permission of the Pretrial Services Officer and without finishing the program. Therefore, I find that detention is warranted.

However, even without relying on the rebutable presumption, I find that if Mr. Powers were released, he would not likely abide by any conditions or combination of conditions of release that I could impose for his release. Mr. Powers was repeatedly warned by Ms. Oxford that he was not to use illegal drugs while on release. Mr. Powers continued to use oxycodone while on release. Ms. Oxford arranged for Mr. Powers to participate in an out-patient substance abuse program which Mr. Powers elected not to attend. Thereafter, Ms. Oxford arranged for Mr. Powers to participate in an in-patient drug treatment program which he attended for one week and left without Ms. Oxford's permission or finishing the program. Therefore, from the totality of these circumstances, I find that Mr. Powers' release should be revoked and he should be detained pending trial because he has demonstrated that he is unlikely to

abide by any condition or combination of conditions that I may impose for his release.

V.  Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1.  That Mr. Powers be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  That Mr. Powers be afforded a reasonable opportunity for private consultation with counsel; and

3.  On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Powers is detained and confined shall deliver Mr. Powers to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Charles B. Swartwood III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE